UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CODY ESTILETTE                              CIVIL ACTION NO. 6:16-cv-01679

VERSUS                                      JUDGE JAMES

FOREST RIVER, INC., ET AL.                  MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before this Court is the motion to remand (Rec. Doc. 6), which was filed by the plaintiff, Cody Estilette. The motion is opposed. (Rec. Docs. 17, 18). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. A hearing was scheduled for January 24, 2017, but the parties waived oral argument (Rec. Doc. 11), and the motion was decided on the briefs. For the following reasons, it is recommended that the motion be GRANTED.

### BACKGROUND

The plaintiff originally filed suit in the 15th Judicial District Court, Lafayette Parish, Louisiana, asserting claims against Forest River, Inc.; Southern RV, LLC; and Bank of America, National Association. The plaintiff alleged that he purchased a 2016 Avenger travel trailer from Southern RV for the purchase price of $24,313.76, that the trailer was manufactured by Forest River, and that the sale contract was assigned to Bank of America. The plaintiff alleged that the travel trailer had various

defects including water leakage, air conditioner defects, electrical defects, and awning defects.  The plaintiff allegedly returned the travel trailer to the defendants and their authorized warranty service dealers for repairs on numerous occasions without successful repair of the allegedly defective conditions.  The plaintiff asserted a claim under the Magnuson-Moss Warranty Act as well as state-law claims for redhibition, negligent repair, and lender liability.

Southern RV and Forest River removed the action, and Bank of America consented to the removal.  The removing defendants argued that, under the Magnuson-Moss Warranty Act, this court has subject-matter jurisdiction over this action.  The motion to remand followed.

<u>ANALYSIS</u>

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  The party invoking subject-

---

[1]     *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co*., 603 F.3d 290, 292 (5th Cir. 2010).

[2]     28 U.S.C. § 1331.

[3]     28 U.S.C. § 1332.

matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4]  Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[5]  In this case, the defendants must bear that burden.  Additionally, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."[6]

The defendants contend that the court has subject-matter jurisdiction over this action because the plaintiff asserted a claim under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*.  No other basis of federal-court jurisdiction was alleged.  The plaintiff argued, in support of his motion to remand, that the defendants failed to establish that the amount in controversy exceeds $75,000.  But this is not a case in which subject-matter jurisdiction is premised on the diversity of the parties, thus requiring an amount in controversy exceeding $75,000 under 28 U.S.C. § 1332.  The MMWA affords federal-court jurisdiction when a claim is asserted under that statute and the amount in controversy is at least $50,000 exclusive

---

[4]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]      *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

[6]      *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984).

of interests and costs.[7]  Therefore, the question before the court is whether the amount
in controversy equals or exceeds that amount.

The amount in controversy is the sum claimed by the plaintiff in his complaint
if the claim was apparently made in good faith.[8]  In the Fifth Circuit, "courts look to
state law to determine the applicable measure of damages, which informs the amount
in controversy under the MMWA."[9]  With regard to MMWA claims, the amount in
controversy cannot include personal injury damages for breach of warranty, attorneys'
fees, or damages under pendent state-law claims.[10]  The statute itself expressly
excludes interests and costs from the calculation of the amount in controversy.[11]

The Fifth Circuit adopted the standard for establishing the amount in
controversy in a diversity case as the standard for establishing the amount in
controversy in a MMWA case, stating:

> The standard for determining the amount in controversy depends on
> whether [the plaintiff] demanded a specific amount of damages in her
> complaint.  If [the plaintiff] did demand a specific amount, the amount

---

[7]    15 U.S.C. § 2310(d)(3)(B).

[8]    *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*,
47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir.
1992).

[9]    *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).

[10]    *Scarlott v. Nissan North America, Inc.*, 771 F.3d at 887-88.

[11]    15 U.S.C. § 2310(d)(3)(B).

stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.  If [the plaintiff] did not demand a specific amount, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. . . .  There are two ways that this burden can be met.  First, a court can determine that removal was proper if it is facially apparent that the claims are likely above [the jurisdictional amount].  Second, if it is not thus apparent, the court may rely on summary judgment-type evidence to ascertain the amount in controversy.[12]

In this case, the plaintiff's petition, in accordance with Louisiana law, does not seek the recovery of a specific amount of damages.  Therefore, the defendants must prove that the amount in controversy requirement is met.

This Court cannot conclude from the face of the complaint that the plaintiff's damages are at least $50,000.  The plaintiff alleged that he purchased a travel trailer for $24,313.76.  He further alleged that the "total cost of the vehicle to Plaintiff including finance charges will be over $50,000.00."  (Rec. Doc. 1-1 at 4).  In the motion opposing the remand motion, the defendants argued that the amount in controversy meets the $50,000 threshold because the plaintiff alleged that the total cost of the trailer including finance charges is more than $50,000, making the amount in controversy apparent on the face of the petition.  However, the plaintiff did not explain in his petition how much of the purchase price was borrowed, what the

---

[12]     *Scarlott v. Nissan North America, Inc.*, 771 F.3d at 888 (internal citations and quotation marks omitted).

interest rate was, how it was calculated, over how many years it was to be applied to the principal amount borrowed, or any other information concerning how adding interest to the original purchase price would result in damages totaling or exceeding $50,000.  Similarly, the removing defendants provided no additional information, resting on the plaintiff's conclusory allegation that interest on the original purchase price would double the cost.  This Court finds that the plaintiff's conclusory allegation that interest on the purchase price pushed his damages above the $50,000 statutory threshold is insufficient to support a conclusion that it is facially apparent that the amount in controversy is at least $50,000.

Having found that it is not apparent from the petition that the statutory amount-in-controversy requirement is satisfied, the removing defendants can establish the court's subject-matter jurisdiction only by proving by a preponderance of the evidence, supported by summary-judgment-type evidence, that the plaintiff seeks to recover at least $50,000.

The removing defendants argue that the interest paid by the plaintiff on the loan he took out to purchase the travel trailer should be added to the travel trailer's original price to determine the plaintiff's damages under the MMWA and thus the amount in controversy.  There are three reasons why this argument lacks merit.  First, the defendants cited no authority that this is an acceptable method of calculating

MMWA damages.  Second, the MMWA expressly states that interest is not to be included when calculating the amount in controversy in an MMWA case.  Third, even assuming that interest on a purchase money loan could be considered a reasonable expense occasioned by the sale that should be added to the purchase price to determine the plaintiff's damages, no evidence was presented to show whether the plaintiff borrowed all or only a portion of the purchase price, what the interest rate was, how many years the loan was for, or any other information that would allow a calculation of the total interest paid over the life of the loan.  Therefore, there is no evidence that the interest paid by the plaintiff plus the travel trailer's purchase price would equal or exceed $50,000.

In the Sixth and Seventh Circuits, the party asserting federal jurisdiction under the MMWA is required to "allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle."[13]  In those circuits, the amount of finance charges is not included in the calculation since "the question of whether federal jurisdiction exists under the Magnuson-Moss Warranty Act should not be determined by whether a finance contract was used in purchasing an automobile.

---

[13]     *Golden v. Gorno Bros.*, 410 F.3d 879, 884 (6th Cir. 2005) (quoting *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003)).

This is particularly true since the Act provides that the amount in controversy does not include interest."[14]  If the formula utilized by the Sixth and Seventh Circuits were used in this case, this Court would be required to conclude that the defendants have not satisfied their burden of proof since no evidence was presented regarding the cost of any replacement vehicle, the present value of the allegedly defective vehicle, or the value that the plaintiff received from the allegedly defective vehicle.

In a case involving a warranty claim under Texas law, the Fifth Circuit adopted a formula for measuring damages based on the product's purchase price minus the fair market value of the product in its defective condition.[15]  If that formula were used in this case, this Court would be required to conclude that the defendants have not satisfied their burden of proof since no evidence was presented establishing the fair market value of the allegedly defective travel trailer.

A recent case from the Eastern District of Louisiana found that the appropriate formula for calculating warranty claim damages under Louisiana law is the restoration of the purchase price, plus reimbursement of reasonable expenses occasioned by the sale, plus reimbursement of expenses incurred in the preservation

---

[14]     *Golden v. Gorno Bros.*, 410 F.3d at 883.

[15]     *Scarlott v. Nissan North America, Inc.*, 771 F.3d at 888-90.

of the item, minus the value that the buyer received from the use of the item.[16]  If that formula were used in this case, this Court would be required to conclude that the defendants have not satisfied their burden of proof since no evidence was presented establishing the reasonable expenses occasioned by the sale, the expenses incurred in preserving the travel trailer, or the value of the plaintiff's use of the travel trailer.

Therefore, the defendants have not satisfied their evidentiary burden under any of the three cited formulas that have been used to evaluate the amount in controversy in MMWA cases.  Without such evidence, this Court cannot conclude that the amount in controversy is at least $50,000 and consequently cannot conclude that the court has subject-matter jurisdiction over this action.

The facts of this case are similar to those presented in a Mississippi case where the court held that it had no jurisdiction over a claim based on the purchase of an allegedly defective Dodge Ram because "the alleged consequential costs are unspecified."[17]  This case is also similar to one from the Eastern District of

---

[16]    *Touchet v. FCA US LLC*, No. 15-5997, 2016 WL 98633, at *2 (E.D. La. Jan. 8, 2016), citing *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 655 (5th Cir. 2002).  See also *Dartez v. United Homes, Inc.*, No. 15-1749, 2015 WL 5159069 at *3 (W.D. La. Sept. 2, 2015) (discussing the difference between Louisiana breach of warranty law and the Texas law applied in *Scarlott*).

[17]    *Ward v. Tupelo Auto Sales, Ltd.*, No. 1:98CV261-B-D, 1998 WL 930798, at *2 (E.D. Miss. Nov. 25, 1998).

Louisiana[18] in which the purchase price of an allegedly defective truck and the plaintiffs' out-of-pocket repair costs were established but no evidence was presented concerning the value of the more than 10,000 miles driven by the purchasers after they bought the truck, making it impossible to complete the damages formula.  In that case, the court found that the plaintiffs failed to satisfy their burden of showing by a preponderance of the evidence that the amount in controversy was at least $50,000. That same result must be reached in this case.

The defendants argued that, although the MMWA excludes interest from recoverable damages, the interest charged should be used in the amount in controversy calculation because finance charges, insurance premiums, and out-of-pocket expenses can be recovered in a Louisiana redhibition claim.  (Rec. Doc. 18 at 3).  As noted above, however, only the damages recoverable under the MMWA – not under any pendent state-law claims – are relevant to the amount-in-controversy calculation when the MMWA is the basis for subject-matter jurisdiction.[19]  Therefore, this argument lacks merit.

---

[18]     *Touchet v. FCA US LLC*, No. 15-5997, 2016 WL 98633 (E.D. La. Jan. 8, 2016).

[19]     *Scarlott v. Nissan North America, Inc.*, 771 F.3d at 887-88; *Boelens v. Redman Homes, Inc.*, 748 F.2d at 1071 n. 19.

In his remand motion, the plaintiff sought to recover the attorneys' fees and costs incurred as a result of the removal.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  However, "[t]here is no automatic entitlement to an award of attorney's fees.  Indeed, the clear language of the statute makes such an award discretionary."[20]  Although this Court is recommending remand of this action to state court, this Court is also recommending that no attorneys' fees or costs be awarded to the plaintiff since his motion to remand failed to appreciate the fact that removal was based on the MMWA rather than on the diversity statute.

## Conclusion

For the reasons explained above, this Court finds that the defendants did not establish that the amount in controversy is at least $50,000 and further finds that the court lacks subject-matter jurisdiction over this action.  Therefore, this Court recommends that the plaintiff's motion to remand (Rec. Doc. 6) be GRANTED, and further recommends that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

---

[20]    *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on January 3rd, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-12-